■ In the Matter of Metropolitan Life Insurance Co., Appellant, v New York State Division of Housing and Community Renewal, Respondent. [653 NYS2d 318] —Judgment, Supreme Court, New York County (Salvador Collazo, J.), entered May 17, 1995, which, insofar as appealed from, denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying its applications for major capital improvement (MCI) rent increases, unanimously affirmed, without costs.

Respondent's interpretation of Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (8) to mean that an owner must file a MCI rent increase application within two years of the physical completion of the MCI work is rational, and should be upheld (see, *Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, 136, lv denied 86 NY2d 706). Respondent's use of the physical completion date to measure the two-year filing time limit does not amount to the promulgation of a new rule, "invariably applied across-the-board to all claimants without regard to individualized circumstances or mitigating factors", in violation of the State Administrative Procedure Act (*Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301). Petitioner's applications were not denied merely because it failed to comply with an invariable two-year time limit, but because, in each instance, an ample portion of the two-year period had not yet expired after it had received the required governmental approvals of the improvements, and thus, within the clear intendment of the rule, petitioner failed to demonstrate a connection between its untimeliness and any delay in obtaining the approvals. Nor is there merit to petitioner's argument that it is irrational to use the date of physical completion rather than of governmental

certification, the former facilitating protection of tenants against unreasonable rent increases by allowing them to comment on proposed MCI increases while their memories of the work are still fairly fresh. We have considered petitioner's other claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.