■ In the Matter of 430 EAST 86TH STREET TENANTS COMMITTEE, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [678 NYS2d 322] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered June 6, 1997, which denied petitioner tenant's application to annul respondent Department of Housing and Community Renewal's (DHCR) determination awarding respondent owner a major capital improvement rent increase, unanimously affirmed, without costs.

DHCR's finding that the owner is entitled to a major capital improvement rent increase for the roof replacement it did, as well as for related work involving replacement of 80% of the building's parapets and masonry repairs, is rationally based upon the documentary evidence the parties submitted and DHCR's own inspector's report, and is entitled to deference *(see, Matter of Ansonia Residents Assn. v Department of Hous. & Community Renewal,* 75 NY2d 206, 213; Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [ii]). There is no merit to the

tenants' claim that their due process rights were violated by DHCR's consideration of the owner's architect's report, first submitted on the owner's petition for administrative review (PAR), without providing the tenants with a copy thereof or otherwise giving them an opportunity to respond thereto. The architect's report, which was submitted in response to a claim of poor workmanship made in a tenants' submission that itself was first submitted on the PAR, was accepted by DHCR in conformity with its practice of accepting replies to answers, much as the courts do. There is no right to sur-reply and there is no reason for compelling DHCR's consideration of any further response by the tenants absent a showing of prejudice. We have considered the tenants' other arguments and find them to be unpreserved or without merit. Concur—Sullivan, J. P., Milonas, Nardelli and Tom, JJ.