■ In the Matter of LONDON TERRACE ASSOCIATES, L.P., Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and HELENE ZAREMBER et al., Intervenors-Appellants-Respondents. In the Matter of HELENE ZAREMBER, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and LONDON TERRACE ASSOCIATES, L.P., Intervenor-Respondent-Appellant. [710 NYS2d 245] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 6, 1998, which denied and dismissed the consolidated petitions challenging, pursuant to CPLR article 78, the determination of respondent New York State Division of Housing and Community

Renewal granting, in part, the application of petitioner London Terrace Associates, L.P., for a major capital improvement rent increase, unanimously affirmed, without costs.

The record demonstrates that the determination of respondent agency granting, only in part, the owner's application for a major capital improvement rent increase was rationally based and, accordingly, may not be disturbed (*see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213; *Matter of Nestor v New York State Div. of Hous. & Community Renewal*, 257 AD2d 395, 396, *lv denied* 93 NY2d 982). We note that tenant petitioners, on their appeal, raise matters not argued before the New York State Division of Housing and Community Renewal. Such matters are not properly before this Court (*see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 575-576, *lv denied* 78 NY2d 861).

We have considered the remaining arguments for affirmative relief raised by both the tenants and the owners and find them unavailing. Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.