■ In the Matter of WEST VILLAGE ASSOCIATES, Respondent, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [717 NYS2d 31] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered June 9, 1999, which annulled the Commissioner's order, dated October 29, 1998, affirming the Rent Administrator's denial of petitioner-owner's application for a Major Capital Improvement (MCI) rent increase insofar as it related to pointing and waterproofing, and remanded the matter to the Division of Housing and Community Renewal (DHCR) to review the documentation submitted by petitioner in the CPLR article 78 proceeding, unanimously reversed, on the law, without costs, petition denied and proceeding dismissed.

Petitioner West Village Associates is the owner of 136 West 4th Street, in Manhattan. In 1993, the owner was granted an MCI rent increase which was primarily based on the installation of windows but which also included the removal of "all loose cement between bricks from exterior wall front from roof coping approximately 3" down & repoint[ing] it with wet water Portland cement & fine sand." In 1997, the owner filed the subject application for an MCI rent increase which was primarily based on the installation of a new roof. The owner also checked the box on the application indicating that "Pointing/Waterproofing" was one of the installations for which the increase was sought.

On March 23, 1998, the Rent Administrator granted the MCI rent increase insofar as it pertained to the new roof but denied it with respect to the pointing and waterproofing, indicating that the useful life of the pointing and waterproofing performed pursuant to the 1993 MCI grant had not yet expired.

The owner filed a petition for administrative review (PAR), stating that the 1991 pointing and waterproofing related to the north side of the building only, while the subject work related to the other sides. However, no further documentation was submitted. The Deputy Commissioner denied the PAR, with the explanation that pointing/waterproofing had already been performed on the subject building, pursuant to which an MCI rent increase was authorized in 1993. Furthermore, the Deputy Commissioner noted that the owner's contractor did not even submit the requisite signed statement and the diagram of the building complex indicating which exposed sides of the buildings were found to need pointing.

In this article 78 proceeding, petitioner again argued that the 1997 pointing and waterproofing was distinct from the prior similar work on the north side of the building. The owner added that the Rent Administrator never requested additional documentation and did not deny the petition on that ground. For the first time, the owner submitted a contractor's statement and building diagram, curing the defects cited in the denial of the PAR. The IAS Court granted the petition, "to the extent of remanding this matter to DHCR for the purpose of having the Commissioner and his agents review all documents which have now been submitted to the Court as to the work which was done in 1997, vis-à-vis the work that was done in 1991." The court remarked that this approach was appropriate and supported by "strong policy grounds in favor of encouraging landlord[s] to keep up the quality of the housing stock to the benefit of everybody."

The IAS Court based its determination on an improper standard of review, and improperly applied that standard to evidence which was submitted for the first time in the article 78 proceeding.

A determination by DHCR that an alteration constitutes an MCI necessarily entails the agency's expertise in evaluating factual data and is entitled to deference if it is not irrational or unreasonable (see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206). If the determination is rational, it must be upheld, even though the court, if viewing the case in the first instance, might have reached a different conclusion (see, Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, affd 66 NY2d 1032). A determination may be found arbitrary where it is "without sound basis in reason and is generally taken without regard to the facts" (Matter of Pell v Board of Educ., 34 NY2d 222, 231).

The burden is upon the landlord to justify the MCI increase sought by presenting documentary support (*see, Matter of 430 E. 86th St. Tenants Comm. v State of New York Div. of Hous. & Community Renewal*, 254 AD2d 41). All relevant documentation should be presented to the Rent Administrator, initially, and not upon the PAR, unless the evidence could not have reasonably been offered at the administrative proceeding (*see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 574-575, *lv denied* 78 NY2d 861). "A fortiori, there is no justification for petitioner[ ] producing documentation initially in the Supreme Court. 'Disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered.' (*Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757, *affd* 58 NY2d 952.)" (*Matter of Brotherton v State Div. of Hous. & Community Renewal*, 193 AD2d 500, 502).

Under DHCR procedure, the requisite documentation includes a contractor's statement that he inspected the premises before and after and that all necessary work was performed, and a diagram indicating the location of the necessary work. These documents enable DHCR to determine whether the work merits a building-wide increase. Here, the IAS Court acknowledged that the DHCR determination was rationally based on the evidence provided to it. Even if petitioner is correct that the useful life rule is inapplicable because the 1997 work was on a different portion of the building than the 1991 work, this distinction, as the IAS Court recognized, could not be made based on the information before the Rent Administrator and the Commissioner on the PAR.

It was improper for the IAS Court to ignore the well-established rational basis standard of review and the owner's burden of proof, and apply instead its own "fairness" or "interests of justice" standard. In so doing, the court improperly substituted its judgment for that of the DHCR (*see, Matter of London Terrace Assocs. v New York State Div. of Hous. & Community Renewal*, 273 AD2d 13; *Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, *supra*).

There is no requirement that DHCR search its own records to determine that the work which was the subject of the two applications was different (*cf., Pledge v New York State Div. of Hous. & Community Renewal*, 257 AD2d 391, *affd* 94 NY2d 851); nor do we impose upon the Rent Administrator the obligation to notify the applicant that additional documentation is required before the sought relief may be granted.

Finally, petitioner takes issue with the agency's interpretation of Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (2) (i), requiring that the item being replaced satisfy DHCR's "useful life" schedule, unless respondent approves a waiver thereof. DHCR interprets this rule to mean that the useful life of pointing is not limited to the specific pointing done at the time the MCI increase is granted but also to any subsequent pointing done at any location in the building within the useful life of the original work. This interpretation cannot be said to be irrational, since to qualify for an MCI rent increase for pointing and waterproofing, the owner must prove that the work was necessary and comprehensive (*see, Matter of Cenpark Realty Co. v New York State Div. of Hous. & Community Renewal*, 257 AD2d 543). If the owner's application is approved, the resulting increase is building-wide and not limited to tenants in the area where the work was performed. An MCI rent increase will be denied if the work is performed piecemeal and not completed within a reasonable time (*Matter of Executive Towers at Lido v New York State Div. of Hous. & Community Renewal*, 236 AD2d 397, *lv denied* 90 NY2d 811). Moreover, DHCR's position does not force the owner to do unnecessary work, because the owner can always apply for the waiver of the useful life rule in the appropriate case.

Accordingly, we reverse and dismiss the petition. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.