■ In the Matter of 427 WEST 51ST STREET OWNERS CORP., Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [772 NYS2d 260]—

Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered September 17, 2002, which, in this CPLR article 78 proceeding, denied the petition challenging respondent Division of Housing and Community Renewal's (DHCR) modification of its prior order and dismissed the proceeding, affirmed, without costs.

This controversy arises out of respondent's determination that rent reductions were warranted as the result of petitioner landlord's reduction of building services. The merits of that determination resolving an October 1996 complaint are not contested. At issue is how many of the 51 tenants who were party to the original complaint may avail themselves of its benefits.

Respondent DHCR initially denied relief to the tenants, finding that the diminution of building services was not sufficiently significant to require a reduction in rent. This ruling was chal-

lenged in a petition for administrative review (PAR) which, though brought by a single tenant (Gail Turner), ultimately resulted in rent reductions for some 35 tenants. Gail Turner is listed on the PAR both as the petitioner and as the petitioners' authorized representative. Submitted with the tenants' PAR was the authorization of six other members of the tenants' association. The authorization page bears the individual signatures of the six tenants and states, "Also attached are signatures of all tenants who participated in the original filing." Annexed are copies of the signature pages from the 1996 complaint.

When relief was granted, on default, to all the tenants, the landlord initiated its own PAR, contending that rent reductions should be confined to the seven tenants who actually signed the authorization for Ms. Turner to represent them. DHCR initially agreed, extending relief to the actual signatories but not to those tenants whose signatures had merely been reproduced. A number of tenants adversely affected by this ruling thereupon commenced an article 78 proceeding, which culminated in an order remanding the matter to the agency for reconsideration. DHCR then changed its position and, in late 2001, granted the tenants who were party to the original complaint the opportunity to sign an affirmation retroactively authorizing their representation in the PAR instituted on their behalf.

In January 2002, the agency issued the order subject to challenge in the instant proceeding. DHCR granted rent reductions both to the actual signatories to the tenants' original PAR and to those who had authorized their representation nunc pro tunc. With respect to the failure to supply original signatures for all tenants represented in the PAR, the order states, "DHCR precedent has established that, for such a defect, the proper procedure is for DHCR to inform the tenants of the defect and allow time for them to correct it."

Contrary to the position taken by the dissent, this is not a case where the PAR was filed beyond the 35-day time limit imposed by Rent Stabilization Code (9 NYCRR) § 2529.2. Rather, petitioner contests the extent of the representative capacity of the tenant who brought the timely PAR, asserting that pursuant to Rent Stabilization Code § 2529.1 (b) (2) she was "a representative for some, but not all."

Under the circumstances, we consider the filing of the PAR to be in substantial compliance with the Rent Stabilization Code (*see* Rent Stabilization Code § 2529.8), and any deficiency was appropriately deemed to be correctable error. The filing of the PAR represents a good faith attempt to pursue an administrative appeal on behalf of all of the complaining tenants, and

DHCR appropriately provided an opportunity to remedy the defect in the petition. That authorizations were given long after the PAR was filed does not preclude relief. The Court of Appeals has recognized that, where good cause is shown, DHCR is permitted to accept late filings up to entry of a final order by the Commissioner (*see Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 150 [2002]). Even if we were inclined to a stricter view of the authorization requirement, we would defer to DHCR's interpretation of this regulation (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]).

We have considered petitioner's other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli and Rosenberger, JJ.

Sullivan and Lerner, JJ., dissent in a memorandum by Sullivan, J., as follows: I would grant the petition and vacate the Commissioner's order modifying a prior order and granting a rent reduction to tenants who had not signed the petition for administrative review (PAR) but whose names were included on a list of tenants joining in the September 22, 1997 PAR.

The 1997 PAR was signed by one tenant, with six additional tenants signing a statement authorizing the signatory to act as their representative.* There were no signatures from any other tenants authorizing an appeal on their behalf. Attached to that PAR were reproductions of the affirmations appended to the original complaint, which contained the signatures of all the tenants who participated therein. While Rent Stabilization Code (9 NYCRR) § 2529.1 (b) (2) permits the filing of a PAR by a "representative of a party," it does so with the proviso "that such representative includes, at the time of the filing of the PAR, written evidence of authorization to act in such representative capacity for the purpose of filing the PAR." The tenants' affirmations attached to the original complaint, which were appended to the subject PAR, do not, of course, indicate an intent on their part to join the PAR filed in 1997 and thus fail to comply with this requirement.

Respondent Division of Housing and Community Renewal (DHCR) asserts, and the majority agrees, that the Commissioner properly "allow[ed] the tenants a chance to correct the defective PAR," and defends the Commissioner's conclusion that there was "substantial compliance" by the tenants in filing the PAR. As to the tenants who failed to give proper authorization, however, this cannot be considered a case of "substantial

---

* Another PAR was filed by one individual tenant.

compliance"; there was no compliance at all. This is not, as respondent would have it, a mere "technical defect" in filing; it was, rather, as to those tenants, a failure to file within the 35-day period mandated by Rent Stabilization Code § 2529.2. In fact, there is nothing to suggest that they even knew that the 1997 PAR had been filed until at least two and a half years thereafter. Furthermore, their authorizations were not solicited until four years thereafter, well after it had become clear that those who joined the PAR received a rent reduction based on the determination that had been made on remand from the order granting the 1997 PAR. By then, it was also at least four years since the limitations period for the filing of a PAR had expired. The filing requirements with respect to PARs have been strictly enforced (see Matter of Dowling v Holland, 245 AD2d 167, 169 [1997]).

The Rent Stabilization Code provisions permitting late filings (see Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 150 [2002]; Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359, 373-374 [1999]) do nothing to strengthen the majority's position, since good cause must be shown before relief can be granted. No such showing has been made here. While the majority considers the filing of the PAR as a "good faith attempt" to pursue an appeal on behalf of all the complaining tenants, this "good faith attempt" was made only by the signatory, not by the other affected tenants, each of whom was served with a copy of the 1997 order and a notice of right to administrative review which contained instructions for filing a PAR. Further, no explanation has been given for the tenants' failure to join the PAR in accordance with proper procedure.

Respondent mistakenly relies on Rent Stabilization Code § 2529.7 (a), which provides that "[w]ithin a reasonable time after the filing of the PAR," the Commissioner may "[r]eject a PAR which is timely filed if it is insufficient or defective, but may provide a specified period of time within which to perfect the PAR." The Code provision expressly applies to timely filed PARs that may be insufficient or defective. This, however, is not an instance in which an insufficient or defective PAR was filed; in this case, as to the nonsigning tenants, no PAR was filed at all.

Finally, there is no merit to respondent's contention that the fact that "the defect in the tenants' PAR was not discovered until long after the PAR was decided renders the agency's decision . . . reasonable." The tenants are charged with notice of the requirements for filing a PAR and, as noted, each individual

tenant was served with a copy of the 1997 order, accompanied by a notice of right to administrative review.

The petition should be granted and the Commissioner's order annulled.