[819 NE2d 1032, 786 NYS2d 416]

## In the Matter of 427 West 51st Street Owners Corp., Appellant, v Division of Housing and Community Renewal, Respondent.

Argued October 20, 2004; decided November 18, 2004

**POINTS OF COUNSEL**

*Kucker & Bruh, LLP,* New York City (*Nativ Winiarsky* and *Patrick K. Munson* of counsel), for appellant. By soliciting tenants to join in a petition for administrative review determination four years after it was filed, the Division of Housing and Community Renewal has violated its own regulations and appellant's due process rights and acted in a manner that was clearly arbitrary. (*Matter of Dowling v Holland,* 245 AD2d 167; *Matter of LeHavre Tenants Assn. v New York State Div. of Hous. & Community Renewal,* 176 AD2d 877; *Matter of Lipes v State of N.Y., Div. of Hous. & Community Renewal,* 174 AD2d 571; *Rusty Realty Assoc. v New York State Div. of Hous. & Community Renewal,* 161 AD2d 207; *Matter of Black Realty Co. v State Div. of Hous. & Community Renewal,* 201 AD2d 432; *Matter of Kansas Leasing Ltd. Partnership v Division of Hous. & Community Renewal,* 255 AD2d 384; *Matter of Hart v New York State Div. of Hous. & Community Renewal,* 195 AD2d 381; *Matter of Boulevard Tenants Corp. v New York State Div. of Hous. & Community Renewal,* 264 AD2d 444; *Matter of S & M Dev. v State Div. of Hous. & Community Renewal,* 182 AD2d 995; *Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal,* 187 AD2d 320.)

*Caroline M. Sullivan,* New York City, and *Marcia P. Hirsch* for respondent. I. The Commissioner of the Division of Housing and Community Renewal's decision was rationally based on the record and in accord with applicable laws and regulations. (*Matter of Hyde Park Gardens v State of N.Y., Div. of Hous. & Community Renewal,* 140 AD2d 351, 73 NY2d 998; *Matter of ANF Co. v Division of Hous. & Community Renewal,* 176 AD2d 518; *Matter of Hyde Park Assoc. v Higgins,* 191 AD2d 440; *Matter of Hakim v Division of Hous. & Community Renewal,* 273 AD2d 3, 95 NY2d 887; *Matter of Weber v New York State Div. of Hous. & Community Renewal,* 190 AD2d 810; *Matter of M.J. Raynes, Inc.*

*v State Div. of Hous. & Community Renewal,* 136 Misc 2d 626; *Matter of Knobler v Division of Hous. & Community Renewal,* 257 AD2d 387; *Matter of Lighthouse Props. v New York State Div. of Hous. & Community Renewal,* 305 AD2d 283, 100 NY2d 516; *1 BK St. Corp. v New York State Div. of Hous. & Community Renewal,* 302 AD2d 263, 100 NY2d 516; *Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144.) II. The Commissioner of the Division of Housing and Community Renewal's order should be affirmed. (*Greystone Mgt. Corp. v Conciliation & Appeals Bd.,* 94 AD2d 614, 62 NY2d 763; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Salvati v Eimicke,* 72 NY2d 784, 73 NY2d 995; *Matter of McMurray v New York State Div. of Hous. & Community Renewal,* 135 AD2d 235, 72 NY2d 1022, 73 NY2d 918; *Barklee Realty Co. v Division of Hous. & Community Renewal,* 159 AD2d 416, 76 NY2d 709, 844; *Matter of Krakower v State of N.Y., Div. of Hous. & Community Renewal,* 137 AD2d 688, 74 NY2d 613.)

## OPINION OF THE COURT

READ, J.

On October 2, 1996, 51 tenants of a rent-stabilized building owned by respondent landlord applied to the Division of Housing and Community Renewal (DHCR) for a rent reduction based on a diminution of building services, including loss of 24-hour access to the basement (*see* 9 NYCRR 2520.6 [r]; 2523.4). On September 8, 1997, DHCR issued an order generally favoring the tenants and granting a rent reduction, but determining that the complained-of cutback in basement access was a de minimis condition not warranting a finding of decreased services (9 NYCRR 2523.4 [e]). On September 22, 1997, a tenants' representative filed a timely petition for administrative review (PAR) to contest the de minimis finding.

DHCR's regulations provide that a PAR may be filed on behalf of tenants by a representative who verifies the PAR "provided that such representative includes, at the time of the filing of the PAR, written evidence of authorization to act in such representative capacity for the purpose of filing the PAR" (9 NYCRR 2529.1 [b] [2]). Further, DHCR's instructions accompanying the PAR form allow a representative of a building-wide tenant organization to file a PAR on behalf of all the organization's members. The representative must attach "either a resolution of the organization authorizing such representative filing, or if an officer of the organization is empowered to authorize such representative filing, the authorization of such officer." The

instructions also require the representative to attach "a statement that the representative is filing on behalf of all members of the organization . . . and a current roster of the organization's members." In this case, a verified PAR was filed by the co-chair of the tenants' association, who had corresponded with DHCR on the tenants' behalf while the original complaint was pending. She attached a statement authorizing her to pursue the PAR in a representative capacity. This statement was signed by six individuals who identified themselves as members of the building's tenants' association committee. She also attached a copy of the lists of signatures and addresses of the 51 tenants provided with the original complaint, which included her own name and address as well as the names and addresses of the six members of the committee.

On April 22, 1998, DHCR granted the PAR insofar as there was insufficient basis for finding that curtailment of 24-hour access to basement facilities was de minimis. DHCR remanded the matter for further consideration, with notice to the tenants whose names were on the lists attached to the PAR. Thirty-three of the tenants responded, and these responses were forwarded to the landlord. DHCR held a hearing at which five of the tenants testified, including three whose names appeared only on the lists; the landlord did not appear.

On March 28, 2000, DHCR issued an order finding a reduction in service on account of the loss of 24-hour access to the basement, and directing a rent reduction for the 51 tenants. This caused the landlord to file a PAR on May 2, 2000 to challenge both the order's substance and its scope. On October 3, 2000, DHCR issued an order upholding the finding of decreased services, but agreeing with the landlord that those tenants whose reproduced signatures appeared on the September 22, 1997 PAR had not properly appealed the original order. Accordingly, DHCR revoked its March 28, 2000 order with respect to those tenants.

The tenants commenced a CPLR article 78 proceeding to contest DHCR's decision, and moved to modify DHCR's October 3, 2000 order to include all 51 tenants. DHCR cross-moved to remit for reconsideration. On May 9, 2001, Supreme Court denied the tenants' motion and granted DHCR's cross motion. On October 15, 2001, DHCR sent letters to the 51 tenants, briefly outlining what had happened and advising that "proper procedure should have been for DHCR to have first given all of the complaining tenants a chance to submit an affirmation

authorizing the tenants' representative to sign the September [22], 1997 PAR on their behalf." DHCR enclosed its supplemental form for an application for a rent reduction based upon decreased building-wide services, and instructed the tenants to return the signed form within 21 days if they wished to authorize the tenants' association's co-chair to represent them in the September 22, 1997 PAR. Thirty-five tenants returned a signed form to DHCR.

On January 9, 2002, DHCR issued an order upon reconsideration determining that

> "it was an error to . . . revok[e] the rent reduction for all but seven[1] of the tenants, because there was substantial compliance by the tenants in filing a proper PAR. Although the list of tenants attached to the September 22, 1997 PAR did not contain original signatures for all but six tenants, DHCR precedent has established that, for such a defect, the proper procedure is for DHCR to inform the tenants of the defect and allow time for them to correct it."

Consistent with this "proper procedure," DHCR modified its previous orders so as to grant the rent reduction to those 35 tenants who returned the signed authorization forms to DHCR.[2]

On March 11, 2002, the landlord brought this article 78 proceeding to challenge DHCR's January 9, 2002 order upon reconsideration. On August 15, 2002, Supreme Court denied the landlord's petition and dismissed the proceeding, concluding that DHCR had acted within its discretion under 9 NYCRR 2529.7 to correct technical deficiencies in a PAR. The Appellate Division subsequently affirmed, with two Justices dissenting (4 AD3d 185 [1st Dept 2004]).

The Rent Stabilization Code vests the DHCR Commissioner with discretion to permit correction of technical defects in a timely filed PAR, including (for good cause shown) to accept for filing any other papers even though not filed within the required time limitations (9 NYCRR 2529.7 [d]; *see also Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 150 [2002] [Rent Stabilization Code permits DHCR

---

1. The September 22, 1997 PAR was consolidated with another PAR signed and filed at roughly the same time by an individual tenant. This tenant's name also appeared on the lists attached to the September 22, 1997 PAR.

2. The 35 tenants included those seven tenants for whom DHCR had previously authorized a rent reduction.

to accept new evidence for good cause shown at any point before the Commissioner enters a final order]). Here, a pro se tenant representative, the co-chair of the building-wide tenants' association, timely filed a PAR on behalf of other tenants in the association. DHCR's regulations and instructions do not, in fact, require a signed authorization from each member of the association under these circumstances; rather, the representative is directed to provide authorization from the organization as well as a list of the organization's members and a statement that the representative is filing on behalf of all members. In this case, a clear statement was lacking, but DHCR viewed the papers filed as a good faith effort in substantial compliance with its regulation and instructions.

"[T]he interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable" (*Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997] [citations omitted]). DHCR's interpretation of its regulation permitting a PAR to be filed by an authorized representative (9 NYCRR 2529.1 [b] [2]) is neither irrational nor unreasonable. DHCR's action allowing the tenants to remedy a defect in authorization that it did not notice when accepting the PAR for filing (*see* 9 NYCRR 2529.7 [d]) was not arbitrary or capricious or an abuse of discretion. The tenants' intention for the co-chair of the tenants' association to represent them was clear, if imperfectly expressed. Moreover, the deficient authorization did not mislead the landlord into thinking that only seven individual tenants supported the PAR; 33 tenants responded to the notice of remand. The landlord did not question the authorization's legitimacy until after the hearing had been held and an order adverse to its interests issued. In light of these circumstances, DHCR reasonably afforded the tenants an opportunity to cure the deficiency in authorization.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and R.S. SMITH concur.

Order affirmed, with costs.