■ In the Matter of Riverton Associates, Appellant, v New York State Division of Housing and Community Renewal, Respondent. [788 NYS2d 846]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered December 2, 2003, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondent's determination, dated September 24, 2002, denying petitioner's application for a major capital improvement (MCI) rent increase, unanimously affirmed, without costs.

Petitioner, in seeking an MCI rent increase, failed to sustain its burden to establish that it complied with Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (*see Matter of West Vil. Assoc. v Division of Hous. & Community Renewal*, 277 AD2d 111, 113 [2000]). Petitioner contends that in light of the municipal sign-off on the renovations upon which its MCI rent increase application is based, the increase cannot be denied here. However, there is evidence here that the renovation did not benefit the tenants as confirmed by on-site inspection by the Division of Housing and Community Renewal. In these circumstances, the denial of an MCI rent increase is not arbitrary and capricious or irrational (*see* 9 NYCRR 2522.4 [a] [2] [i] [c]) and, accordingly, is not subject to judicial disturbance (*see West Vil. Assoc., supra*).

We have considered petitioner's remaining points and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Ellerin, Williams and Sweeny, JJ.