■ In the Matter of NEIL PESSIN et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and REGINA METROPOLITAN CO. INC., Intervenor-Respondent. [799 NYS2d 22]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered April 27, 2004, which, to the extent appealed from, denied petitioner tenants' application to annul the determination of respondent Division of Housing and Community Renewal (DHCR) deregulating the subject rent stabilized apartment pursuant to the Luxury Decontrol Law and dismissed the petition, unanimously affirmed, without costs.

It appears that in November 1996, petitioners, who were not represented by counsel, and intervenor landlord entered into an agreement, inter alia, withdrawing a rent overcharge complaint filed in November 1991; that by order dated April 3, 1997, DHCR's Rent Administrator, "[a]fter consideration of all the evidence in the record," found that "the [overcharge] complaint was withdrawn" and ordered that "this proceeding is terminated"; and that landlord instituted the subject luxury decontrol proceeding in June 2002, resulting in the challenged order of deregulation. Citing Rent Stabilization Code (9 NYCRR) § 2520.13, petitioners argue that their agreement to withdraw the overcharge complaint constituted a void waiver of benefits under the Rent Stabilization Law or Code since it was never approved, merely accepted, by DHCR, and that a determination of the overcharge complaint would result in a finding of a monthly rent lower than the threshold $2,000 required for luxury decontrol. Such argument was properly rejected in the absence of a showing that DHCR did not actually review the settlement agreement in light of record evidence sufficient to rationally find it duly protective of petitioners' rights (cf. *Matter of West Vil. Assoc. v Division of Hous. & Community Renewal*, 277 AD2d 111, 112-113 [2000]). We note that petitioners, who are husband

and wife, both signed the settlement agreement, received valuable consideration thereunder in exchange for their withdrawal of the overcharge complaint, and make no claims of duress or overreaching; that petitioner husband alerted DHCR of the settlement and requested that the matter be closed; and that DHCR replied to the request with a formal order terminating the proceeding (*compare Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675 [2002]). Concur—Mazzarelli, J.P., Friedman, Nardelli and Williams, JJ.