■ In the Matter of SP 141 E 33 LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. COMMUNITY HOUSING IMPROVEMENT PROGRAM, Amicus Curiae. [937 NYS2d 220]—

DHCR's determination to revoke petitioner's MCI rent increase was rationally based in the record and was not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370, 372 [2004]; *Matter of West Vil. Assoc. v Division of Hous. & Community Renewal*, 277 AD2d 111, 114 [2000]). The determination was based on the facts that the 15-year useful life of the pointing and waterproofing for which a building-wide MCI rent increase was granted in 1999 had not yet expired when petitioner applied for the subject MCI rent increase in 2006 and that petitioner did not seek a waiver of the useful life requirement before the subject work was commenced in 2003 (*see* Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [i] [d], [e]).

Petitioner argues that it was not required to obtain a useful-life waiver because the 2003 pointing work was done on a different part of the building from the part on which the 1998 pointing work was done. This argument is unavailing. To warrant a rent increase, an MCI must, inter alia, be "an improvement to the building . . . which inures . . . to the benefit of all tenants, and which includes the same work performed in all similar components of the building or building complex" (9 NYCRR 2522.4 [a] [2] [i] [c]) and must meet the useful life requirement set forth in 9 NYCRR 2522.4 (a) (2) (i) (d). In the 1999 application by the previous owner for an MCI rent increase, the pointing and waterproofing general contractor stated, as required by

DHCR, that he had examined "all exposed facades of the premises" and that the work "was done in all necessary areas." This statement meant that there would be no need for pointing work on any part of the building for the next 15 years. Thus, without a waiver of the useful life requirement, no MCI rent increase would be allowed for any pointing work performed during that period (*see West Vil. Assoc.*, 277 AD2d at 114; *Matter of Equity Props. v Division of Hous. & Community Renewal*, 288 AD2d 117 [2001], *lv denied* 98 NY2d 606 [2002]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 30 Misc 3d 1203(A), 2010 NY Slip Op 52256(U).]**