In the Matter of RAMONA PRIOLEAU, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [35 NYS3d 332]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered January 15, 2015, denying the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated January 27, 2014, to the extent it granted respondent Fifth Lenox Terrace Associates's (owner) application for a major capital improvement (MCI) increase in petitioner's rent, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that owner is entitled to the MCI increase in petitioner's rent based on petitioner's refusal to permit owner access to her apartment to install the new windows is not arbitrary and capricious (*Matter of Weill v New York City Dept. of Educ.*, 61 AD3d 407 [1st Dept 2009]). In her response to owner's application for an MCI rent increase, petitioner stated that owner had requested access to her apartment to perform work listed in the application, that since the work was not required by law, she had every right to decline owner's request, and that no such work was done in her apartment.

Petitioner argues that owner failed to provide proper notice to gain access in accordance with DHCR Policy Statement 90-5, which prescribes a procedure for requesting access to conduct inspections after a tenant has filed a service complaint or an objection to a rent increase. Since she did not rely on Policy Statement 90-5 before DHCR, the argument is not properly before us (*Matter of Peckham v Calogero*, 12 NY3d 424, 430 [2009]). Policy Statement 90-5 would not avail petitioner, in any event, because petitioner had made no service complaint,

and at the time owner sought access to install the windows, it had not yet filed an application for a rent increase.

The correspondence between petitioner and owner's representatives in October or November 2005, which petitioner relies on in further support of her argument that she did not deny access, is not properly before us, because it was submitted for the first time on her petition for administrative review (PAR) (*Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 150 [2002]).

Petitioner was not prejudiced by any failure of DHCR to provide her with owner's response to its October 2009 request for information, which was directly responsive to her statement that windows were not installed in her apartment (*see Matter of 430 E. 86th St. Tenants Comm. v State of N.Y. Div. of Hous. & Community Renewal*, 254 AD2d 41 [1st Dept 1998]). Nor was petitioner prejudiced by any failure of DHCR to provide her with owner's supplemental responses to her PAR (*see id.*). Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.