Matter of Sutton Assoc. v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 02982)





Matter of Sutton Assoc. v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 02982


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11551 158741/18

[*1] In re Sutton Associates, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.


Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for appellant.
Mark F. Palomino, New York (Dawn Ivy Schindleman of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Arthur D. Engoron, J.), entered June 17, 2019, denying the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated July 26, 2018, which, inter alia, denied petitioner's application for a rent increase based on the installation of major capital improvements (MCI) to its building, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's interpretation of Rent Stabilization Code (9 NYCRR) § 2522.4(a)(8) to mean that an owner must file an MCI rent increase application within two years of the physical completion of the MCI work, which includes completion of the contract work but not minor subsequent remedial measures, is not irrational or unreasonable, and we therefore defer to it (see Matter of Metropolitan Life Ins. Co. v New York State Div. of Hous. & Community Renewal, 235 AD2d 354 [1st Dept 1997]; see also Matter of MSK Realty Interests, LLC v Department of Fin. of the City of N.Y., 170 AD3d 459, 460 [1st Dept 2019], appeal dismissed 33 NY3d 1057 [2019]). The documents provided by petitioner in support of its MCI application and in response to DHCR inquiries provided a rational basis for DHCR to conclude that the MCI work had been completed in early 2013, more than two years prior to petitioner's submission of the MCI rent increase application (see Matter of Hampton Mgt. v Division of Hous. & Community Renewal, 255 AD2d 261 [1st Dept 1998] lv denied 93 NY2d 806 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK