Matter of M.M. & I. Realty Co., LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 06355)





Matter of M.M. & I. Realty Co., LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 06355


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-05423
 (Index No. 518975/17)

[*1]In the Matter of M.M. & I. Realty Co., LLC, appellant, 
v
New York State Division of Housing and Community Renewal, respondent-respondent; 35 Orange Street Tenants' Association, intervenor respondent-respondent.


Cornicello, Tendler & Baumel-Cornicello, LLP, New York, NY (Susan Baumel-Cornicello and Jay H. Berg of counsel), for appellant.
Mark F. Palomino, New York, NY (Dawn Ivy Schindelman of counsel), for respondent-respondent.
David E. Frazer, New York, NY, for intervenor respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated August 3, 2017, which affirmed a determination of a Rent Administrator dated July 16, 2012, denying the petitioner's application for another major capital improvement rent increase related to pointing, waterproofing, and related facade work, the petitioner appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated April 4, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
As is relevant to this appeal, in July 2012, a Rent Administrator of the New York State Department of Housing and Community Renewal (hereinafter DHCR) issued an order denying in part an application by the petitioner, the owner of a rent-stabilized apartment building in Brooklyn (hereinafter the premises), for a rent increase following the completion of major capital improvements to the premises. The petitioner contended that the major capital improvements, which began in 2007, involved pointing, waterproofing, related facade work to the premises, and the installation of a new intercom system. The Rent Administrator concluded that, since a prior rent increase had been granted for prior work performed on the building within the 15-year useful life period of the prior work and the petitioner did not seek a waiver of the useful life requirement before the work commenced, another major capital improvement rent increase, other than for the installation of the new intercom system, was not warranted.
Thereafter, the petitioner filed a petition for administrative review of the Rent Administrator's determination denying the petitioner's application for another major capital [*2]improvement rent increase related to pointing, waterproofing, and related facade work to the premises. The Deputy Commissioner of DHCR denied the petition for administrative review and affirmed the Rent Administrator's determination. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. By judgment dated April 4, 2018, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals. We affirm.
This Court's review of the Deputy Commissioner's determination "is limited to whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Rania Mesiskli, LLC v New York State Div. of Hous. & Community Renewal, 166 AD3d 625, 626 [internal quotation marks omitted]; see Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal, 185 AD3d 942, 943). Here, the Deputy Commissioner's determination was rational, and was not arbitrary and capricious (see Matter of SP 141 E 33 LLC v New York State Div. of Hous. & Community Renewal, 91 AD3d 575, 575-576; Matter of West Vil. Assoc. v Division of Hous. & Community Renewal, 277 AD2d 111, 114).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court