Matter of Stuyvesant Town-Peter Cooper Vil. Tenants Assn. v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 03661)

Matter of Stuyvesant Town-Peter Cooper Vil. Tenants Assn. v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 03661

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Index No. 154097/21|Appeal No. 4588|Case No. 2023-01164|

[*1]In the Matter of Stuyvesant Town-Peter Cooper Village Tenants Association et al., Petitioners-Respondents,
v
New York State Division of Housing and Community Renewal et al., Respondents-Appellants.

Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Aida P. Reyes of counsel), for New York State Division of Housing and Community Renewal, appellant.
Belkin Burdin Goldman, LLP, New York (Magda L. Cruz of counsel), for BPP St Owners, LLC and BPP PCV Owners, LLC, appellants.
Collins, Dobkin & Miller, LLP, New York (Timothy L. Collins of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Frank P. Nervo, J.), entered January 6, 2023, which, to the extent appealed from, granted the petition to annul the February 26, 2021 orders of respondent New York State Division of Housing and Community Renewal (DHCR) granting 19 applications of respondent property owners (landlord) for rent increases based on major capital improvements (MCIs), remanded for continued proceedings as to 12 of the applications, and held that the remaining 7 applications were untimely filed, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
As an initial matter, we find that DHCR rationally interpreted its own regulation concerning the timeliness of the applications (see Matter of 427 W. 51st St. Owners Corp. v Division of Hous. & Community Renewal, 3 NY3d 337, 342 [2004]). The Rent Stabilization Code (RSC), promulgated by DHCR to implement the Rent Stabilization Law, governs timeliness of MCI rent increase applications and states, "No increase . . . shall be granted . . . unless an application is filed no later than two years after the completion of the installation or improvement" (former RSC [9 NYCRR] § 2522.4[a][8]; accord 9 NYCRR 2522.4[b][8]). Generally, applications must be filed within "two years after the physical completion of the installation, not the date of final payment, or the date on which a required governmental approval was obtained or the date when all adjustments have been made and/or defects have been corrected" (Vill-Shepherd Equities Corp., Admin. Rev. Docket No. XI410024RO [July 22, 2015]). This Court has long upheld that interpretation as rational (see Matter of Sutton Assoc. v New York State Div. of Hous. & Community Renewal, 183 AD3d 500, 500 [1st Dept 2020]; Matter of Metropolitan Life Ins. Co. v New York State Div. of Hous. & Community Renewal, 235 AD2d 354, 354-355 [1st Dept 1997]).
DHCR has also determined, in several orders from 2005, that "for a complex-wide exterior restoration of the premises with one contractor . . . it is proper to calculate the completion date from the date of the total completion of all the work in the complex" (Various Tenants of 45 West 132nd St., Admin. Rev. Docket No. SG410117RT [Apr. 8, 2005]; see also Various Tenants of 2186 5th Avenue, Admin. Rev. Docket No. SG410032RT [June 1, 2005]; Various Tenants of 40 West 135th Street, Admin. Rev. Docket Nos. SJ410004RK, SG410128RT, SG410157RT [June 1, 2005]; Various Tenants of 470 Lenox Avenue, Admin. Rev. Docket No. SG410118RT [June 1, 2005]; Various Tenants of 25 West 132 Street, Admin. Rev. Docket No. SG410143RT [June 1, 2005]). Moreover, the orders at issue here stated that it is "the established position of the Division" that "where an owner has contracted for a complex-wide exterior restoration with one contractor, and payment for the work was made on a complex wide basis, the date of completion[*2]. . . is considered to be the date on which all work performed under the complex-wide MCI contract was completed." This interpretation is both rational and adheres to the agency's own prior precedent that now dates back 20 years (see Matter of 20 Fifth Ave., LLC v New York State Div. of Hous. & Community Renewal, 109 AD3d 159, 163 [1st Dept 2013]). Accordingly, as each filing date was within two years of the completion date certified by the respective contractor, it was improper to vacate rent increases based on untimeliness.
DHCR's determinations on the merits were not arbitrary and capricious or affected by an error of law (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). A determination by DHCR that an alteration constitutes an MCI "necessarily entails the agency's expertise in evaluating factual data and is entitled to deference if not irrational or unreasonable" (Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 213 [1989]; see Matter of West Vil. Assoc. v Division of Hous. & Community Renewal, 277 AD2d 111, 112 [1st Dept 2000]).
The RSC lists categories of work that may qualify as major capital improvements, including pointing and waterproofing "as necessary" (former 9 NYCRR 2522.4[a][2][i], [a][3]). As to this category, as early as 1994 it was DHCR's position "that comprehensive pointing and waterproofing as necessary on exposed sides of the building" constitutes an MCI (Matter of Caviris, Admin. Rev. Docket No. IC110002RP [Mar. 18, 1994]). This Court has upheld that standard, finding that "to qualify for an MCI rent increase for pointing and waterproofing, the owner must prove that the work was necessary and comprehensive" (Matter of West Vil. Assoc., 277 AD2d at 114; see also Matter of 20 Fifth Ave., LLC, 109 AD3d at 164). A finding by DHCR that the work was necessary and comprehensive necessarily means that the work is "deemed depreciable" (Administrative Code of City of NY § 26-511[c][6][b]; former 9 NYCRR 2522.4[a][2][i][a]).
Regarding proof of work being necessary and comprehensive, DHCR determines that it is its established "policy that an inspection of the entire exterior of the building is required" (Matter of 451 Fulton Avenue, Admin. Rev. Docket No. WE710068RO [May 22, 2009]). "Under DHCR procedure, the requisite documentation includes a contractor's statement that he inspected the premises before and after and that all necessary work was performed, and a diagram indicating the location of the necessary work" (West Vil. Assoc., 277 AD2d at 113). When "the pointing and waterproofing general contractor state[s], as required by DHCR, that he ha[s] examined 'all exposed facades of the premises' and that the work 'was done in all necessary areas,'" that "statement mean[s] that there would be no need for pointing work on any part of the building for the next 15 years" under [*3]the RSC's useful life schedule (Matter of SP 141 E 33 LLC v New York State Div. of Hous. & Community Renewal, 91 AD3d 575, 575-576 [1st Dept 2012]; see former 9 NYCRR 2522.4[a][2][i][d]; see also Matter of West Vil. Assoc., 277 AD2d at 114).
Here, there is no dispute that the contractor for each MCI application proffered the necessary statement concerning inspection of the entire building and performance of the work as necessary, and that the landlords proffered the requisite diagrams. Accordingly, there is evidence to support DHCR's factual findings that the work qualified for MCI increases, and those findings are entitled to deference (see Matter of Ansonia Residents Assn., 75 NY2d at 213).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025