## (January 24, 1980)

■ In the Matter of VERA VENTO et al., Respondents, v JEROME PRINCE et al., Appellants, and 400 REALTY Co., Intervenor-Respondent-Appellant.—Judgment, Supreme Court, New York County, entered June 21, 1979, granting petitioner's application to annul a CAB determination, dated May 25, 1978, and remanding this matter for further action, reversed, on the law, petition dismissed, and the CAB determination, dated May 25, 1978, reinstated, without costs. The owner, 400 Realty Corp., filed applications in

November of 1975 with the Office of Rent Control and the Conciliation and Appeals Board for permission to convert the elevators in the subject building from manual to automatic operation. At that time, 150 apartments were rent controlled, and 117 apartments were stabilized. In an order, dated March 2, 1976, the district rent director permitted the conversion on condition that the owner provide certain alternative security measures. In an order, dated July 6, 1977, the rent commissioner made a minor modification of the rent director's order and otherwise approved the application for conversion. The tenants challenged the rent commissioner's order in an article 78 proceeding. Special Term eventually dismissed their petition. *(Leppert v Joy,* NYLJ, Jan. 11, 1978, p 6, col 2.) However, on consent of the parties, condition 10 of the rent commissioner's order was modified so as to provide for the installation of panic bar locks on doors in certain areas of this building. The owner's application before the CAB had been held in abeyance pending the final resolution of the *Leppert* litigation. On May 25, 1978, the CAB rendered its determination on conditions paralleling those ultimately set by Justice Asch in *Leppert v Joy (supra).* The CAB's determination recognized the fact that, on the date of filing in November of 1975, there were more rent controlled tenants than rent stabilized tenants in the building. The CAB stated that, while it was not bound by the rent commissioner's order as modified by the consent of the parties in *Leppert v Joy,* it could not ignore that order, as so modified. The CAB found that the rent commissioner's order, as modified, provided "adequate substitute protective and security services". Therefore, the owner's application was granted and the tenants' complaint dismissed. The court at Special Term found that, on the date of the CAB's determination, rent stabilized tenants preponderated by a margin of 154 to 113. In view of the tenant "mix" on that date, Special Term concluded that it was arbitrary and capricious for the CAB to decide this matter under the rent control rather than the rent stabilization law. The overriding question presented is whether there was a rational basis for the CAB's determination *(Matter of Colton v Berman,* 21 NY2d 322, 334). The record reveals that the subject building was in transition during the period November, 1975 to May, 1978. While there is no indication that the tenants unnecessarily prolonged the *Leppert* litigation, the fact remains that the owner was delayed approximately two and one-half years in processing his application with the Office of Rent Control. Consequently, it was reasonable for the CAB to conclude that the more stringent "required services" test (New York City Rent Stabilization Code, § 2, subd [m]) could not be fairly applied to this owner on May 25, 1978. In its determination, the CAB correctly took cognizance of the fact that it was not bound by the rent commissioner's order, as modified. Thus, it did not blindly accept the less stringent "essential services" test (Rent, Eviction and Rehabilitation Regulations, § 22) embodied in the rent commissioner's order, as modified. In this hybrid situation, the CAB correctly used an "adequate substitute" test *(Matter of 350 Assoc. Co. v Conciliation & Appeals Bd.,* NYLJ, June 1, 1977, p 7, col 2, affd *sub nom. Matter of Lefer v New York City Conciliation & Appeals Bd.,* 61 AD2d 1141). Under this test, the CAB evaluated all the evidentiary data in acting to protect the best interests of both the owner and the tenants. In doing so, the CAB gave some probative weight to the rent commissioner's order, as modified. It also conducted its own independent inspection to ensure that the rights of the rent stabilized tenants were being properly protected in this conversion. In the peculiar circumstances of this case, it cannot be said that the rent stabilized tenants were denied any "required services" since they did receive "adequate substitute" services.

The CAB's determination was neither arbitrary nor capricious; it was both rational and fair to all concerned. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.