■ In the Matter of MEYER GREENBERG et al., Appellants, v

RICHARD HIGGINS, as Commissioner of the Division of Housing and Community Renewal, Respondent, and MARIE MCDONOUGH, Intervenor-Respondent.—Judgment (denominated order), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered April 23, 1990, which dismissed petitioners' CPLR article 78 proceedings, seeking to annul a determination by respondent denying petitioners' application to alter the dwelling space of intervenor tenant, unanimously affirmed, without costs and without disbursements.

The intervenor tenant lives in a small studio apartment. The landlord's plans to renovate the building included the installation of an elevator shaft that would require 50 square feet of the tenant's apartment, constituting most of what is now the tenant's kitchenette area and protruding into the tenant's living area. Division of Housing and Community Renewal denied the landlord's application, determining that the proposed extension of the intervenor's apartment into part of another apartment was not an adequate substitution of dwelling space.

The IAS court properly confirmed respondent's determination. The record shows that the proposed elevator shaft would occupy virtually all of what is now the tenant's kitchenette space, as well as a significant part of her single, small living area. The proposed "sliver" extension would completely alter the shape and character of the apartment. Accordingly, the determination has a rational basis *(see, Matter of Vento v Prince,* 73 AD2d 884, 885, *affd* 51 NY2d 899). Petitioners' constitutional arguments, which were not presented in the administrative proceedings, are without merit. Petitioners have not shown that the determination deprives them of all reasonable use of their property and thus constitutes an unconstitutional taking of property *(Modjeska Sign Studios v Berle,* 43 NY2d 468, *appeal dismissed* 439 US 809). Nor were petitioners denied equal protection, since respondent's determination is rationally related to a legitimate State interest *(Golden v Clark,* 76 NY2d 618) of tenant protection.

We have reviewed petitioners' other arguments, and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.