■ In the Matter of 126 FRANKLIN AVENUE ASSOCIATES, Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent. [610 NYS2d 316] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), dated July 12, 1990, which denied, in part, the petitioner's application for a rent increase, (1) the DHCR appeals from so much of an order and judgment (one paper) of the Supreme

Court, Westchester County (LaCava, J.), entered June 16, 1992, which granted the petition to the extent that the petitioner sought a rent increase for the installation of a backflow preventer and laundry room renovations, and (2) the petitioner cross-appeals, as limited by its brief, from so much of the same order and judgment as confirmed that part of the DHCR's determination which denied the petitioner's application for a rent increase with respect to a heat timer, fencing and landscaping.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which granted the petitioner a rent increase for the backflow preventer and laundry room renovations, and substituting therefor a provision confirming the DHCR's determination in its entirety and dismissing the petition; as so modified, the order and judgment is affirmed, with costs to the appellant-respondent.

On the record before us, we find that the DHCR's determination denying that portion of the petitioner's application which was for a major capital improvement rent increase relating to the installation of a backflow preventer and for laundry room repairs was not irrational or unreasonable. Thus, the determination must be upheld *(see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206; *Matter of Salvati v Eimicke,* 72 NY2d 784). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.