■ In the Matter of HARBOR ONE COMPANY, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [613 NYS2d 428] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated October 26, 1990, which, *inter alia,* denied the petitioner a rent increase on the ground that the installation of a backflow device did not qualify as a major capital improvement, the appeal is from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered November 18, 1992, which, *inter alia,* annulled the determination.

Ordered that the judgment is reversed on the law, with

costs, the determination is confirmed, and the proceeding is dismissed on the merits.

Contrary to the finding of the Supreme Court, the New York State Division of Housing and Community Renewal reasonably determined that the backflow device which the petitioner was required by law to install did not constitute a major capital improvement under the Emergency Tenant Protection Act or the Tenant Protection Regulations *(see, Matter of 126 Franklin Ave. Assocs. v New York State Div. of Hous. & Community Renewal,* 203 AD2d 464; McKinney's Uncons Laws of NY § 8626 [d] [3]; 9 NYCRR 2502.4 [a] [2] [iii]; *see also,* Operational Bulletin No. 84-4; Rasch, New York Landlord and Tenant—Rent Control and Rent Stabilization, at 547 [2d ed 1987]). Accordingly, the determination must be upheld *(see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206, 213-214; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *see also, Matter of Edward Stephen, Inc. v McGoldrick,* 1 NY2d 899, 900-901; *Matter of Heissenbuttal,* 286 App Div 646, 652). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.