■ In the Matter of EXECUTIVE TOWERS AT LIDO, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [653 NYS2d 630] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated July 17, 1995, which, *inter alia*, denied the petitioner's application, in substantial part, for a rent increase premised upon certain capital improvements, the petitioner appeals (1) from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered February 7, 1996, which, in effect, dismissed the proceeding; and (2) as limited by its brief, from so much of an order of the same court entered June 20, 1996, as, upon granting reargument and renewal, adhered to its original determination.

Ordered that the appeal from the judgment is dismissed as the judgment was superseded by the order entered June 20, 1996, made upon reargument and renewal; and it is further,

Ordered that the order entered June 20, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

This CPLR article 78 proceeding arises out of the application of the petitioner Executive Towers at Lido (hereinafter Executive Towers) for rent increases premised upon major capital improvements to and/or substantial rehabilitation of the subject premises. The New York State Division of Housing and Community Renewal (hereinafter the DHCR) denied the petitioner's application in substantial part, determining that the following were not major capital improvements: the installation of pressure zone valves, or "backflow devices", in the swimming pool; the replacement of a pool fence; the partial replacement of the lobby roof; and pointing and waterproofing of the premises. In a judgment entered February 7, 1996, the Supreme Court upheld the determination of the DHCR, finding that the DHCR acted rationally in determining that the above-noted improvements were not major capital improvements. An order of the same court entered June 20, 1996, granted the petitioner's motion to reargue and renew and, upon reargument and renewal, adhered to its original determination.

As the Supreme Court properly found, the determination of the DHCR was not arbitrary and capricious and was supported by a rational basis in the record (see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206). The DHCR reasonably determined that the installation of the "backflow devices" and the pool fence, which were mandated by local law and inured, principally, to the benefit of the local municipality, did not constitute major capital improvements (see, e.g., Matter of Prospect Assocs. v New York State Div. of Hous. & Community Renewal, 206 AD2d 374; Matter of Harbor One Co. v New York State Div. of Hous. & Community Renewal, 205 AD2d 689; Matter of 126 Franklin Ave. Assocs. v New York State Div. of Hous. & Community Renewal, 203 AD2d 464). The agency's determination to deny the petitioner a rent increase for the replacement of the lobby roof because this work did not qualify as a building-wide improvement was not irrational or unreasonable. Finally, the petitioner has failed to demonstrate that the agency's denial of a major capital improvement rent increase for pointing and waterproofing, because the work was done piecemeal and was not completed within a reasonable time, was not sup-

ported by a rational basis. Thus the agency's determination must be upheld (*see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, supra*). Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.