Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 04172)





Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 04172


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-03462
 (Index No. 5059/18)

[*1]In the Matter of Sydney Leasing, L.P., et al., appellants,
v
New York State Division of Housing and Community Renewal, respondent.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber and David B. Cabrera of counsel), for appellants.
Mark F. Palomino, New York, NY (Susan E. Kearns of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated April 30, 2018, as affirmed so much of a determination of a Rent Administrator dated July 13, 2017, as disallowed certain costs claimed by the petitioners in connection with their application for a major capital improvement rent increase, the petitioners appeal from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered January 23, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioners are the owners of Section IV of the LeFrak City housing complex, which comprises four residential buildings and a separate lobby structure that is connected to each of the four residential buildings through passageways and hallways. In October 2016, the petitioners applied to the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for a major capital improvement (hereinafter MCI) rent increase following the completion of a project with a total cost of $3,372,169.40. On July 13, 2017, a Rent Administrator issued a determination partially granting the MCI rent increase application but disallowing as "not MCI eligible," inter alia, costs totaling $1,043,007.41 related to lobby renovations and costs totaling $640,980.08 for certain sidewalk work and work not directly related to otherwise MCI eligible driveway and walkway work.
The petitioners filed a petition for administrative review, alleging, inter alia, that the Rent Administrator erred in determining that the disallowed costs were not MCI eligible. On April 30, 2018, with the exception of one modification not relevant herein, a Deputy Commissioner of the DHCR affirmed so much of the Rent Administrator's determination as disallowed costs for lobby renovations and certain sidewalk work and work not directly related to driveway and walkway work.
Subsequently, the petitioners commenced this proceeding pursuant to CPLR article 78 to review so much of the Deputy Commissioner's determination as affirmed the portions of the Rent Administrator's determination disallowing costs as not MCI eligible. In a judgment entered [*2]January 23, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
The DHCR's determination must be upheld unless it lacked a rational basis and was arbitrary and capricious (see Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149; Matter of Velasquez v New York State Div. of Hous. & Community Renewal, 130 AD3d 1045, 1046). If reasonable, the DCHR's interpretation of the statutes and regulations it administers must be upheld (see Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766; Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676).
As relevant herein, section 26-511(c)(6)(b) of the Rent Stabilization Law of 1969 (hereinafter the RSL) requires the DHCR to provide "criteria whereby the commissioner may act upon applications by owners for increases in excess of the level of fair rent increase established under this law" where such owner has "completed building-wide major capital improvements" (emphasis added). To that end, section 2522.4(a) of the Rent Stabilization Code (hereinafter the RSC) sets forth the criteria that must be met in order for work to qualify as a major capital improvement (see 9 NYCRR 2522.4[a][2][i]) and includes a schedule of major capital improvements (see 9 NYCRR 2522.4[a][3]).
In interpreting the relevant provisions of the RSL and the RSC, it is the DHCR's long-standing policy that the renovation or modernization of a lobby is considered an ordinary repair, maintenance, and/or a cosmetic upgrade rather than a building-wide MCI (see Matter of 219 E. 69th St. Tenants v NYS Div. of Hous. & Community Renewal, 2010 NY Slip Op 30176[U], *3, [Sup Ct, NY County], affd 86 AD3d 434; see also 9 NYCRR 2520.6[r][1]). Giving due deference to the DHCR's reasonable interpretation of the RSL and the RSC in that regard, the DHCR's determination that the petitioners' lobby renovation and modernization work did not constitute an MCI, or other necessary work directly related to a qualifying MCI (see 9 NYCRR 2522.4[a][2][ii]), had a rational basis and was not arbitrary and capricious (see Matter of Executive Towers at Lido v New York State Div. of Hous. & Community Renewal, 236 AD2d 397, 398; Matter of Wesley Ave. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 206 AD2d 378, 379). Contrary to the petitioners' contention, their decision to demolish and rebuild the entire lobby as part of the subject repair and modernization project did not transform the work into an MCI, nor does the fact that the lobby is a separate structure connected to the residential buildings render the DHCR's determination to deny costs for what remains lobby renovation work unreasonable.
Contrary to the petitioners' further contention, the DHCR did not improperly deviate from its precedent in disallowing costs for certain sidewalk work and work not directly related to driveway and walkway work (see generally Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517; Matter of London Leasing L.P. v Division of Hous. & Community Renewal, 153 AD3d 709, 711). Notably, there is no support in the record for the petitioners' claim that the DHCR denied any of the foregoing costs because the work was done in a piecemeal fashion as previously authorized.
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court