Matter of Syllman v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 06588)

Matter of Syllman v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 06588

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-01424
 (Index No. 703447/21)

[*1]In the Matter of Jonathan Syllman, appellant,
v
New York State Division of Housing and Community Renewal, respondent-respondent, et al., respondent.

Jonathan Syllman, Flushing, NY, appellant pro se.
Mark F. Palomino, New York, NY (Jeffrey G. Kelly of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated July 14, 2021, which denied a petition for administrative review and affirmed a determination of a Rent Administrator dated August 21, 2020, calculating the legal regulated rent for the subject apartment to be $1,161.90 per month pursuant to Rent Stabilization Code (9 NYCRR) § 2522.6, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated January 28, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the New York State Division of Housing and Community Renewal for a new calculation of the legal regulated rent for the subject apartment pursuant to Rent Stabilization Code (9 NYCRR) § 2522.6 in accordance herewith.
In December 2014, the petitioner, a tenant in a rent-stabilized apartment building located in Queens, commenced an administrative proceeding to calculate the legal regulated rent for a certain apartment. In August 2020, a Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) determined that the legal regulated rent for the subject apartment was $1,161.90, relying on the lease agreement executed by the petitioner in 2017 and the determination of another rent administrator in 2018 for purposes of the building owner's application for a major capital improvement rent increase (hereinafter the MCI proceeding) (see Matter of Syllman v New York State Division of Housing and Community Renewal, _____ AD3d _____ [Appellate Division Docket No. 2021-07635; decided herewith]) that the apartment had three rooms. The petitioner filed a petition for administrative review (hereinafter the PAR). A Deputy Commissioner of the DHCR denied the PAR and affirmed the Rent Administrator's determination, inter alia, on the grounds that the DHCR's policy limited the examination of rental history to the four-year period prior to the filing of the petitioner's complaint in the administrative proceeding and that the issue of the room count for the apartment had been determined in the MCI proceeding. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. The Supreme Court denied the petition and dismissed the [*2]proceeding. The petitioner appeals.
The DHCR's "determination must be upheld unless it lacked a rational basis and was arbitrary and capricious" (Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal, 185 AD3d 942, 943; see CPLR 7803[3]). "Administrative action is irrational or arbitrary and capricious if 'it is taken without sound basis in reason or regard to the facts'" (Matter of Madison County Indus. Dev. Agency v State of N.Y. Auth. Budget Off., 33 NY3d 131, 135, quoting Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280).
In 2019, the Legislature enacted the Housing Stability and Tenant Protection Act of 2019 (hereinafter HSTPA) (L 2019, ch 36, § 1), which made sweeping changes to the Rent Stabilization Law (hereinafter RSL) (Administrative Code of City of NY) § 26-503 (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 349). As amended, RSL § 26-516(h) provides, in relevant part, that the DHCR, "in determining legal regulated rents, shall consider all available rent history which is reasonably necessary to make such determinations, including but not limited to (i) any rent registration or other records filed with the [DHCR], or any other state, municipal or federal agency, regardless of the date to which the information on such registration refers; (ii) any order issued by any state, municipal or federal agency; (iii) any records maintained by the owner or tenants; and (iv) any public record kept in the regular course of business by any state, municipal or federal agency." The HSTPA provided that the relevant amendments to RSL § 26-516(h) were to take effect immediately and "apply to any claims pending or filed on and after such date" (HSTPA, L 2019, ch 36, § 1, part F, § 7).
Here, the DHCR's determination that review of the rental history was limited to the four-year period starting in December 2010 was arbitrary and capricious (see RSL § 26-516[h]; Matter of J.R.D. Mgt. Corp. v Eimicke, 148 AD2d 610, 612; see also Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d 494, 494; cf. Matter of Regina Metro Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 383-384). Although the Court of Appeals held that the overcharge calculation provisions in RSL § 26-516(h) may not be applied retroactively (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 388), in this case, the petitioner sought a calculation of the legal regulated rent and not damages for prior overcharges. Accordingly, the application of the amendments to RSL § 26-516(h) would not have the same problematic retroactive effect as in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d at 387-388; see generally Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440, 441), and the DHCR should have considered all available rent history as provided in RSL § 26-516(h).
The DHCR should have considered, among other things, the petitioner's submissions indicating the maximum rent per room when the building was regulated by the New York City Department of Housing Preservation and Development under the Mitchell-Lama Law (Private Housing Finance Law art II) and the petitioner's allegation that his rental rate was based on the erroneous classification of the apartment as a four-room apartment under the law applicable at that time. Contrary to the DHCR's contention, it failed to establish that collateral estoppel barred the petitioner from litigating this issue (see Ryan v New York Tel. Co., 62 NY2d 494, 501).
Accordingly, we reverse the judgment, grant the petition, and remit the matter to the DHCR for a new determination of the legal regulated rent for the apartment in accordance with our holdings herewith and in the related appeal Matter of Syllman v New York State Division of Housing and Community Renewal (_____ AD3d _____ [Appellate Division Docket No. 2021-07635; decided herewith]).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court