Matter of Syllman v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 06587)

Matter of Syllman v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 06587

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-07635
 (Index No. 708074/21)

[*1]In the Matter of Jonathan Syllman, appellant,
v
New York State Division of Housing and Community Renewal, et al., respondents.

Jonathan Syllman, Flushing, NY (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), appellant pro se.
Mark F. Palomino, New York, NY (Yeepan Zhu of counsel), for respondent New York State Division of Housing and Community Renewal.
Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Patrick Munson and Nativ Winiarsky of counsel), for respondent Kew Gardens Hills, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated July 9, 2020, which denied a petition for administrative review and affirmed a determination of a Rent Administrator dated December 5, 2018, granting an application for a major capital improvement rent increase for certain work, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated September 21, 2021. The judgment denied the amended petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
The petitioner is a tenant in a rent-stabilized building located in Queens. In December 2018, a Rent Administrator of the New York State Department of Housing and Community Renewal (hereinafter the DHCR) granted the building owner's application for a major capital improvement rent increase based upon the installation of a new roof and certain facade restoration work. The petitioner filed a petition for administrative review (hereinafter the PAR). A Deputy Commissioner of the DHCR denied the PAR and affirmed the Rent Administrator's determination. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. The Supreme Court denied the amended petition and dismissed the proceeding. The petitioner appeals.
The DHCR's "determination must be upheld unless it lacked a rational basis and was arbitrary and capricious" (Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal, 185 AD3d 942, 943; see CPLR 7803[3]). "Administrative action is irrational or arbitrary and capricious if 'it is taken without sound basis in reason or regard to the facts'" (Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d 131, 135, quoting Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280). "If [*2]a determination is rational it must be sustained even if the court concludes that another result would also have been rational" (id.).
Here, contrary to the petitioner's contention, the DHCR's determination denying the PAR and affirming the Rent Administrator's grant of a rent increase for work performed in connection with a major capital improvement was not arbitrary and capricious and was supported by a rational basis in the record (see Matter of Singh v New York State Div. of Hous. & Community Renewal, 204 AD3d 810, 810; Matter of Sanders v State of N.Y. Div. of Hous. & Community Renewal, 40 AD3d 440, 440; cf. Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal, 185 AD3d 944).
Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court