Matter of 139 Devoe Mgt, LLC v New York State Div. of Hous. & Community Renewal
2026 NY Slip Op 03790
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of 139 Devoe Mgt, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-09488, (Index No. 513812/24)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Anderson Law, PLLC, New York, NY (Gregory A. Byrnes and Samuel B. Caldarone of counsel), for appellant.
Mark F. Palomino, New York, NY (Margaret C. Trimarchi of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated March 18, 2024, which denied a petition for administrative review and affirmed a determination of a Rent Administrator dated November 16, 2023, denying the petitioner's application for an exemption from the Rent Stabilization Law based upon its alleged substantial rehabilitation of an apartment building, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kerry J. Ward, J.), dated August 1, 2024. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, 139 Devoe Mgt, LLC, is the owner of a rent-stabilized apartment building located in Brooklyn. The petitioner submitted an application for an exemption from the Rent Stabilization Law based upon its alleged substantial rehabilitation of the apartment building. On November 16, 2023, a Rent Administrator issued a determination denying the petitioner's application on the ground that the petitioner failed to establish that the apartment building had been substantially rehabilitated. Thereafter, the petitioner filed a petition for administrative review (hereinafter PAR) of the Rent Administrator's determination. In a determination dated March 18, 2024, a Deputy Commissioner of the respondent, New York State Division of Housing and Community Renewal (hereinafter the DHCR), denied the PAR and affirmed the Rent Administrator's determination, concluding that the petitioner failed to demonstrate that the apartment building was in a substandard or seriously deteriorated condition as required to qualify as having been substantially rehabilitated. The petitioner subsequently commenced this CPLR article 78 proceeding to review the Deputy Commissioner's determination. In a judgment dated August 1, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"In a CPLR article 78 proceeding to review a determination of the DHCR, judicial review is limited to the question of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" [*2](Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal, 219 AD3d 838, 839; see CPLR 7803[3]; Matter of Smolarczyk v Towns, 166 AD3d 786, 788). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Migliaccio v New York State Div. of Hous. & Community Renewal, 161 AD3d 747, 750 [internal quotation marks omitted]; see Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d 925). "Moreover, [a]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 488 [internal quotation marks omitted]; see Matter of Sydney Leasing, L.P. v New York State Div. of Hous. & Community Renewal, 185 AD3d 942, 943).
Here, the DHCR's determination that the apartment building had not been substantially rehabilitated within the meaning of 9 NYCRR 2520.11(e) and DHCR Operational Bulletin No. 95-2 was rationally based on the record and was not arbitrary and capricious (see Matter of Pavia v New York State Div of Hous. & Community Renewal, 22 AD3d 393, 393-394; 325 Melrose, LLC v Bloemendall, 65 Misc 3d 43, 45-46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; 867-871 Knickerbocker, LLC v Poli, 65 Misc 3d 15, 17 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; cf. Matter of Clark v New York State Div. of Hous. & Community Renewal, 193 AD3d 726, 727; Matter of Smolarczyk v Towns, 166 AD3d at 788). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
The petitioner's remaining contention is without merit.
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court