Portofino Realty Corp. v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 02184)





Portofino Realty Corp. v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 02184


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-08366
 (Index No. 501554/14)

[*1]Portofino Realty Corp., et al., plaintiffs-appellants, Apartment Owners Advisory Council, et al., intervenor-plaintiffs-appellants, 
v
New York State Division of Housing and Community Renewal, et al., defendants-respondents, Make the Road New York, et al., intervenor-defendants-respondents.


Feuerstein Kulick LLP, New York, NY (David Feuerstein and Belkin Burden Wenig & Goldman, LLP [Sherwin Belkin], of counsel), for plaintiffs-appellants.
Finger & Finger P.C., White Plains, NY (Carl L. Finger of counsel), for intervenor-plaintiffs-appellants.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Steven C. Wu of counsel) for defendants-respondents.
Patterson Belknap Webb & Tyler LLP, New York, NY (Lisa E. Cleary, Jason R. Vitullo, Amy N. Vegari, Jacob F. Siegel, Legal Aid Society [Adriene Holder, Judith Goldiner, and Ellen Davidson], and South Brooklyn Legal Services, Inc. [Edward Josephson], of counsel), for intervenor-defendants-respondents.
In an action, inter alia, for a judgment declaring certain amendments to the rent stabilization code and tenant protection regulations promulgated by the defendant New York State Division of Housing and Community Renewal to be contrary to law and unconstitutional, the plaintiffs and the intervenor-plaintiffs separately appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 31, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were, in effect, for summary judgment declaring that the amendments to the rent stabilization code and tenant protection regulations promulgated by the defendant New York State Division of Housing and Community Renewal referenced in the plaintiffs' and the intervenor-plaintiffs' first through eighth and tenth through twelfth causes of action are not contrary to law or unconstitutional, and for summary judgment dismissing the fifteenth cause of action, and denied those branches of the plaintiffs' motion which were for summary judgment on those same causes of action.



DECISION & ORDER
Motion by the defendant New York State Division of Housing and Community Renewal, in effect, to dismiss stated portions of the appeal on the ground that they have been rendered academic. By decision and order on motion of this Court dated December 11, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss stated portions of the appeal is granted; and it is further,
ORDERED that the appeal from so much of the order as granted those branches of the defendants' motion which were for summary judgment with respect to the plaintiffs' and the intervenor-plaintiffs' second, third, fourth, and eighth causes of action is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendants and intervenor-defendants appearing separately and filing separate briefs, payable by the plaintiffs and the intervenor-plaintiffs.
In 2014, the defendant New York State Division of Housing and Community Renewal (hereinafter together with the defendant Darryl C. Towns, the DHCR) promulgated major amendments to the regulatory scheme governing rent regulated apartments (hereinafter the 2014 Amendments). The 2014 Amendments, among other things, codified the nascent Tenant Protection Unit (hereinafter the TPU), an investigative body within the DHCR empowered to conduct, in essence, a pre-enforcement audit of rent increases. The 2014 Amendments also added exceptions to rules limiting review of a regulated unit's rental history and made a number of other tenant-friendly substantive and formalistic changes. The plaintiffs are a group of property owners, managers, and real estate industry groups opposed to the 2014 Amendments. The plaintiffs commenced this action against the DHCR by summons and complaint dated February 24, 2014. They sought a judgment declaring the 2014 Amendments to be invalid in their entirety as contrary to law, violative of separation of powers, violative of due process, and promulgated in violation of the State Administrative Procedure Act. They further sought an injunction prohibiting enforcement of the 2014 Amendments and prohibiting the TPU from any further operations. Intervenors on both sides thereafter joined this action by stipulation so-ordered on May 5, 2014.
By notice of motion dated September 16, 2016, the DHCR moved for summary judgment dismissing the complaint in its entirety. The plaintiffs simultaneously moved for summary judgment on the complaint. The Supreme Court granted the DHCR's motion and denied the plaintiffs' motion by order dated May 31, 2017. The plaintiffs and the intervenor-plaintiffs appeal.
"The cornerstone of administrative law is derived from the principle that the Legislature may declare its will, and after fixing a primary standard, endow administrative agencies with the power to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation" (Agencies for Children's Therapy Servs., Inc. v New York State Dept. of Health, 136 AD3d 122, 128 [internal quotation marks omitted]; see Greater N.Y. Taxi Assn. v New York City Taxi & Limousine Commn., 25 NY3d 600, 608). "In so doing, an agency can adopt regulations that go beyond the text of that legislation, provided they are not inconsistent with the statutory language or its underlying purposes" (Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 254; see Boreali v Axelrod, 71 NY2d 1, 9-14). Here, the plaintiffs and the intervenor-plaintiffs challenge the 2014 Amendments as inconsistent with governing statutes and violative of separation of powers insofar as they codified the existence of the TPU, and limited the availability of Major Capital Improvement (hereinafter MCI) increases, and altered what is commonly known as the Four-Year Rule, which, until 2014, had broadly limited review of a regulated unit's rental history to just four years. While this appeal was pending, however, the Legislature enacted the Housing Stability and Tenant Protection Act of 2019 (see L 2019, ch 36) (hereinafter the HSTPA).
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries," meaning "an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090; see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576; Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811). The HSTPA eliminated the statutory language that formed the basis of the plaintiffs' and the intervenor-plaintiffs' arguments, and added in its place language conforming with the 2014 Amendments (see L 2019, ch 36, § 1, part F, §§ 1-5; part K, §§ 4, 5). The HSTPA also designated a new funding stream for the TPU and directed the DHCR to make yearly reports on the TPU's activities (see L 2019, ch 36, § 1, part K, § 17; part L, § 2). The HSTPA has thereby rendered moot the plaintiffs' and the intervenor-plaintiffs' contentions that the 2014 Amendments are inconsistent with governing statutes and violative of separation of powers insofar as they altered Four-Year Rule, codified the existence of the TPU, and limited the availability of MCI increases (see Matter of Cerniglia v Ambach, 145 AD2d 893, 893-895). We therefore grant the DHCR's motion, in effect, to dismiss these portions of the appeal.
The HSTPA does not affect the plaintiffs' and the intervenor-plaintiffs' other arguments. Nevertheless, the Supreme Court properly determined that the plaintiffs and the intervenor-plaintiffs have not identified any inconsistency between the remaining portions of the 2014 Amendments and governing statutes. The new rule requiring that lease riders include "a detailed description . . . of how the rent was adjusted from the prior legal rent" (Rent Stabilization Code [9 NYCRR] § 2522.5[c][1]) is consistent with the statutory mandate that owners "furnish to each tenant signing a new or renewal lease, a rider describing the rights and duties of owners and tenants" on "a form promulgated by [the DHCR]" (Rent Stabilization Law of 1969 [RSL] [Administrative Code of City of NY] § 26-511[d][1], [2]). The prohibition on owners obtaining rent increases while failing to provide services to tenants (see Rent Stabilization Code § 2523.4[a][1]) is a restatement of a statutory prohibition against the same conduct (see RSL § 26-514). The new requirement that owners make an application prior to amending a prior registration statement (see Rent Stabilization Code § 2528.3[c]) and prohibition against owners from seeking or obtaining rent increases while an application is outstanding (see Rent Stabilization Code § 2528.4[a]) enforces the statutory duty owners already had to file timely and proper registrations and the penalty for failing to do so (see RSL § 26-517[e]). The 2014 Amendments also extend the applicability of the default formula no further than case law had already recognized it to reach (see Rent Stabilization Code §§ 2502.6[a][1]; 2522.6[b][2]; Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367; Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin., 34 AD3d 673, 674; Matter of 61 Jane St. Assoc. v New York City Conciliation & Appeals Bd., 108 AD2d 636, 636-637, affd 65 NY2d 898). To the extent these or related provisions in the 2014 Amendments challenged in this appeal were not expressly authorized by statute, we conclude that they were consistent with the underlying purposes of the statutory scheme as a whole and were thus a valid exercise of the DHCR's interstitial rulemaking authority.
The Supreme Court also properly determined that the procedures employed by the TPU in conducting audits of regulated apartments do not violate due process. "It is well settled that procedural due process in the context of an agency determination requires that the agency provide an opportunity to be heard in a meaningful manner at a meaningful time" prior to the deprivation of a protected interest (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260; see Mathews v Eldridge, 424 US 319, 334). "'[D]ue process is flexible and calls for such procedural protections as the particular situation demands'" (Mathews v Eldridge, 424 US at 334, quoting Morrissey v Brewer, 408 US 471, 481). Courts analyzing what process is due weigh three factors, namely "'(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the probable value of other procedural safeguards; and (3) the government's interest'" (Property Clerk of Police Dept. of City of N.Y. v Harris, 9 NY3d 237, 246, quoting County of Nassau v Canavan, 1 NY3d 134, 142; see Mathews v Eldridge, 424 US at 335).
Here, the TPU lacks the authority to make any determination with respect to an overcharge. It instead conducts an audit, which is a pre-adjudicative investigation that seeks to uncover potential overcharges through analysis of the DHCR's records and documentation provided by owners during the audit process. The most the TPU can do upon discovering what it believes to be an overcharge is to commence an overcharge proceeding against the owner before the DHCR's Office of Rent Administration. Such proceedings afford owners a full and fair opportunity to be heard, including the right to administrative and judicial review. The substantial number of TPU-initiated overcharge proceedings dismissed on procedural grounds or resulting in determinations favorable to owners cited in the plaintiffs' brief confirms that the due process protections normally available in overcharge proceedings are also available in those commenced by the TPU. Contrary to the plaintiffs' assertion, TPU audits also do not result in the loss of the safe harbor protection from treble damages. That protection has never been available in proceedings commenced by the DHCR (see DHCR Policy Statement 89-2 [as amended, April 26, 2013]). Owners can, in any event, avoid treble damages in such overcharge proceedings by proving that their overcharge was not willful (see Matter of Cooper Realty Co. v Division of Hous. & Community Renewal, 240 AD2d 665, 666). Therefore, the Supreme Court properly determined that the TPU audit procedure does not offend due process.
The parties' remaining contentions are either without merit or not properly before this Court.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the amendments to the rent stabilization code and tenant protection regulations promulgated by the DHCR referenced in the plaintiffs' and the intervenor-plaintiffs' first, fifth through seventh, and tenth through twelfth causes of action are not contrary to law or unconstitutional (see Lanza v Wagner, 11 NY2d 317).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court