Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 02301)





Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 02301


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-06670
 (Index No. 944/17)

[*1]In the Matter of Sha Realty, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.


Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre, NY (Arun Perinbasekar of counsel), for appellant.
Mark F. Palomino, New York, NY (Patrice Huss of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated January 25, 2017, which denied a petition for administrative review and affirmed a Rent Administrator's determination dated March 8, 2016, finding that the petitioner had overcharged tenants and awarding the tenants treble damages for the rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kathy J. King, J.), dated February 21, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The New York State Division of Housing and Community Renewal (hereinafter the DHCR) commenced an administrative proceeding against the petitioner, the landlord of the subject apartment. The DHCR alleged that the petitioner overcharged the tenants of the apartment for rent. A Rent Administrator of the DHCR determined that the petitioner overcharged the tenants and awarded them treble damages. Thereafter, the petitioner filed a petition for administrative review of the Rent Administrator's determination. A Deputy Commissioner of the DHCR denied the petition and affirmed the Rent Administrator's determination.
The petitioner commenced this CPLR article 78 proceeding to review the Deputy Commissioner's determination denying the petition for administrative review and affirming the Rent Administrator's determination. In a judgment dated February 21, 2018, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal, 177 AD3d 872, 873; Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal, 136 AD3d 925, 925). In reviewing a determination of the DHCR, "the court may not substitute its judgment for that of the DHCR" (Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676).
The petitioner's contention that it was denied due process is without merit. The DHCR may properly initiate an overcharge proceeding upon the referral of the Tenant Protection Unit (see Portofino Realty Corp. v New York State Div. of Hous. & Community Renewal, _____ AD3d _____, 2021 NY Slip Op 02184 [2d Dept]; Administrative Code of City of NY § 26-516[a]; 9 NYCRR §§ 2522.6, 2527.2, 2527.3[b]). The DHCR provided reasonable notice to the petitioner of the complaint and gave it a meaningful opportunity to respond (see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260; Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal, 11 AD3d 370, 371; Matter of Rubin v Eimicke, 150 AD2d 697, 698).
A determination by the DHCR concerning rent increases due to claimed improvements "necessarily entails the agency's expertise in evaluating factual data and is entitled to deference if it is not irrational or unreasonable" (Matter of West Vil. Assoc. v Division of Hous. & Community Renewal, 277 AD2d 111, 112). In this case, the DHCR's determination that the petitioner failed to establish its claimed improvements with adequate documentation had a rational basis and was not arbitrary and capricious (see Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926; DHCR Policy Statement 90-10 [June 26, 1990]; cf. Matter of 18 St. Marks Place Trident LLC v State of New York Div. of Hous. & Community Renewal, Off. of Rent Admin., 149 AD3d 574, 575). Further, the DHCR rationally determined that the petitioner had failed to carry its burden of establishing that the overcharge was not willful (see Matter of South Lexington Assoc., LLC v New York State Div. of Hous. & Community Renewal, 170 AD3d 733, 734; Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal, 61 AD3d 753, 754). Therefore, treble damages were properly imposed (see Administrative Code § 26-516[a]; 9 NYCRR 2526.1[a][1]; Matter of South Lexington Assoc., LLC v New York State Div. of Hous. & Community Renewal, 170 AD3d at 734).
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court