Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal (2023 NY Slip Op 04383)

Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal

2023 NY Slip Op 04383

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04457
 (Index No. 524336/20)

[*1]In the Matter of PACST 1244-46, 1356, LLC,
appellant,
v
State of New York Division of
Housing and Community Renewal, respondent.
 The Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 19, 2020, as upheld so much of a determination of a Rent Administrator dated January 28, 2020, as found that a rent overcharge had occurred, the petitioner appeals from a judgment of the Supreme Court, Kings County (Wayne Saitta, J.), dated June 9, 2021. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner is the owner of a rent-stabilized apartment located in Brooklyn. The Tenant Protection Unit of the New York State Division of Housing and Community Renewal (hereinafter DHCR) commenced an administrative proceeding against the petitioner, alleging that the petitioner overcharged the rent paid by the tenant of the apartment. In a determination dated January 28, 2020, a Rent Administrator of the DHCR determined that the petitioner had overcharged the tenant, and directed the petitioner, inter alia, to roll back the rent to the legal regulated rent and to make a full refund or credit to the tenant of any excess rent paid. The petitioner filed a petition for administrative review of the determination dated January 28, 2020, contending that the increase in rent was justified by certain improvements made to the apartment. In a determination dated November 19, 2020, a Deputy Commissioner of the DHCR, inter alia, upheld that portion of the Rent Administrator's determination which found a rent overcharge. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul that portion of the determination dated November 19, 2020. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In a CPLR article 78 proceeding to review a determination of the DHCR, judicial review is limited to the question of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 865). "A determination by the DHCR concerning rent increases due to claimed improvements 'necessarily entails the agency's expertise in evaluating factual data and is entitled to deference if it is not irrational or unreasonable'" (Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d at 866, quoting Matter of West Vil. Assoc. v Division of Hous. & Community Renewal, 277 AD2d 111, 112; see Matter of Ansonia Residents [*2]Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 213). Here, the DHCR's determination that the petitioner failed to establish its claimed improvements with adequate documentation had a rational basis and was not arbitrary and capricious (see Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d at 866; Matter of Buchanan v New York State Div. of Hous. & Community Renewal, 163 AD3d 961, 962; cf. Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 138-140). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court