Matter of 5511-777 St. Marks Ave BK, LLC v State of New York Div. of Hous. & Community Renewal (2025 NY Slip Op 01798)

Matter of 5511-777 St. Marks Ave BK, LLC v State of New York Div. of Hous. & Community Renewal

2025 NY Slip Op 01798

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-02051
 (Index No. 505410/22)

[*1]In the Matter of 5511-777 St. Marks Ave BK, LLC, appellant, 
v
State of New York Division of Housing and Community Renewal, respondent.

Rose & Rose, New York, NY (James E. Bayley of counsel), for appellant.
Mark F. Palomino, New York, NY (Dawn Ivy Schindelman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated December 21, 2021, which denied a petition for administrative review and affirmed the determination of a Rent Administrator dated March 17, 2021, finding that the petitioner had overcharged a tenant and awarding the tenant treble damages for the rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 2, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In February 2022, the petitioner, the owner of a rent-stabilized apartment building located in Brooklyn, commenced this proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), which denied a petition for administrative review and affirmed a Rent Administrator's determination finding that the petitioner overcharged a tenant and awarding the tenant treble damages. In a judgment dated February 2, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Judicial review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Fairley v State of New York Div. of Hous. & Community Renewal, 214 AD3d 800, 801; see CPLR 7803[3]; Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 865).
Here, the DHCR's determination has a rational basis in the record and was not arbitrary and capricious (see Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 945, 947; Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal, 219 AD3d 838, 839). Contrary to the petitioner's contention, the DHCR did not have the burden of obtaining documentation showing the actual rent collected from the tenant (see Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & [*2]Community Renewal, 231 AD3d 440). Moreover, the Deputy Commissioner of the DHCR properly declined to consider the rent ledger submitted by the petitioner for the first time with its petition for administrative review, since the petitioner made no showing that the evidence could not have been presented to the Rent Administrator (see Matter of Croes Nest Realty, LP v New York State Div. of Hous. & Community Renewal, 92 AD3d 402, 403; Matter of Horowitz v State of N.Y. Div. of Hous. & Community Renewal, 277 AD2d 382, 383).
Furthermore, the petitioner's contention that it was denied due process is without merit. "The fundamental requirement of due process is notice . . . and an opportunity to be heard" (Matter of Exclusive Ambulette Serv., Inc. v New York State Dept. of Health, 170 AD3d 721, 722 [internal quotation marks omitted]). Here, it is undisputed that the petitioner received notice of the rent overcharge proceeding in January 2020, more than one year prior to the Rent Administrator's determination dated March 17, 2021. Moreover, the record reflects that the petitioner had a meaningful opportunity to respond (see Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d at 865; Matter of Exclusive Ambulette Serv., Inc. v New York State Dept. of Health, 170 AD3d at 722).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court