Matter of 140-25 Ash Assoc., LLC v State of New York Div. of Hous. & Community Renewal (2025 NY Slip Op 01920)

Matter of 140-25 Ash Assoc., LLC v State of New York Div. of Hous. & Community Renewal

2025 NY Slip Op 01920

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-02738
 (Index No. 719469/22)

[*1]In the Matter of 140-25 Ash Associates, LLC, appellant,
v
State of New York Division of Housing and Community Renewal, respondent.

Cooper, Paroff & Graham, P.C., Great Neck, NY (Ira G. Cooper of counsel), for appellant.
Mark F. Palomino, New York, NY (Russell Cirincione of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated July 26, 2022, which denied a petition for administrative review and affirmed a determination of a Rent Administrator dated April 12, 2022, finding that the petitioner had overcharged a tenant and awarding treble damages for the rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated February 4, 2023. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of a rent-stabilized apartment located in Flushing. The tenant residing in that apartment commenced an administrative proceeding before the New York State Division of Housing and Community Renewal (hereinafter the DHCR) against the petitioner, alleging, inter alia, that the petitioner overcharged the rent paid by the tenant. In a determination dated April 12, 2022, a Rent Administrator of the DHCR found that the petitioner had overcharged the tenant, directed the petitioner, inter alia, to roll back the rent to the legal regulated rent and to make a full refund or credit the tenant for any excess rent paid, and awarded treble damages for the rent overcharge. The petitioner filed a petition for administrative review of the determination, contending that the apartment was not a rent-stabilized apartment during the tenant's tenancy due to certain improvements made to the apartment. In a determination dated July 26, 2022, a Deputy Commissioner of the DHCR denied the petition for administrative review and affirmed the determination of the Rent Administrator. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Deputy Commissioner. In a judgment dated February 4, 2023, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
In a CPLR article 78 proceeding to review a determination of the DHCR, judicial review is limited to the question of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see id. § 7803[3]; Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal, 219 AD3d 838, 839; Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 865). "A determination by the DHCR concerning [*2]rent increases due to claimed improvements 'necessarily entails the agency's expertise in evaluating factual data and is entitled to deference if it is not irrational or unreasonable'" (Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d at 866, quoting Matter of West Vil. Assoc. v Division of Hous. & Community Renewal, 277 AD2d 111, 112; see Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal, 219 AD3d at 839). Here, the determination by the Deputy Commissioner of the DHCR that the petitioner failed to establish its claimed improvements with adequate documentation had a rational basis and was not arbitrary and capricious (see Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal, 219 AD3d at 839; Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d at 866; Matter of Buchanan v New York State Div. of Hous. & Community Renewal, 163 AD3d 961, 962; cf. Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 138-140). Further, the Deputy Commissioner rationally determined that the petitioner had failed to carry its burden of establishing that the overcharge was not willful (see Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d at 866; Matter of South Lexington Assoc., LLC v New York State Div. of Hous. & Community Renewal, 170 AD3d 733, 734). Therefore, treble damages were properly imposed (see Administrative Code of City of NY § 26-516[a]; 9 NYCRR 2526.1[a][1]; Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d at 866; Matter of South Lexington Assoc., LLC v New York State Div. of Hous. & Community Renewal, 170 AD3d at 734).
The petitioner's remaining contention is without merit.
Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court