Matter of 145 Driggs, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 04901)

Matter of 145 Driggs, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 04901

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01915
 (Index No. 519091/21)

[*1]In the Matter of 145 Driggs, LLC, appellant, 
v
New York State Division of Housing and Community Renewal, et al., respondents.

Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Patrick K. Munson of counsel), for appellant.
Mark F. Palomino, New York, NY (Lauren K. Lipnick of counsel), for respondent New York State Division of Housing and Community Renewal.
Collins, Dobkins & Miller LLP, New York, NY (W. Miller Hall of counsel), for respondent John Simmons.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated June 7, 2021, which denied a petition for administrative review and affirmed a determination of a Rent Administrator dated October 19, 2018, the petitioner appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 10, 2023. The judgment denied the amended petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In January 2013, a tenant (hereinafter the prior tenant) of apartment 1R, a rent-regulated apartment at 145 Driggs Avenue in Brooklyn (hereinafter the apartment), filed a rent overcharge complaint with the New York State Division of Housing and Community Renewal (hereinafter DHCR) against the petitioner. Thereafter, the prior tenant vacated the apartment and effectively abandoned her complaint. The petitioner then converted the apartment into a duplex. In August 2014, the New York City Department of Buildings issued a violation to the petitioner, finding that it created an illegal duplex apartment in violation of the certificate of occupancy. In September 2014, John Simmons (hereinafter the current tenant) moved into the apartment and thereafter learned of the violation. Due to the violation and the petitioner's alleged failure to respond to the current tenant's concerns regarding the violation, the current tenant stopped paying rent and filed his own rent overcharge complaint.
In June 2016, a Rent Administrator of DHCR denied the prior tenant's rent overcharge complaint based on the petitioner's claimed $45,000 in individual apartment improvements. The current tenant administratively appealed that determination. In January 2017, a Deputy Commissioner of DHCR denied the appeal on the ground that the current tenant would have the opportunity to litigate the prior tenant's issues in his own rent overcharge proceeding. The [*2]current tenant thereafter commenced a proceeding pursuant to CPLR article 78 to review the determination of the Deputy Commissioner. In June 2017, the current tenant and DHCR executed a stipulation in which they agreed to remit the matter to DHCR and consolidate it with the current tenant's then-pending rent overcharge complaint.
In a determination dated October 19, 2018, the Rent Administrator granted the current tenant's rent overcharge complaint. The petitioner filed a petition for administrative review of the determination. In a determination dated June 7, 2021, the Deputy Commissioner denied the petition for administrative review and affirmed the determination of the Rent Administrator. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the determination of the Deputy Commissioner. In a judgment dated January 10, 2023, the Supreme Court denied the amended petition and, in effect, dismissed the proceeding. The petitioner appeals.
In this CPLR article 78 proceeding to review a determination of an administrative agency, "the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 231 AD3d 1044, 1044-1045 [internal quotation marks omitted]). "[A]n agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d 679, 680 [internal quotation marks omitted]). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Los Amigos Deli Bodega Hispana Corp. v Board of Trustees of Inc. Vil. of Hempstead, 230 AD3d 1151, 1151-1152 [internal quotation marks omitted]).
Here, DHCR did not act arbitrarily and capriciously in granting the current tenant's rent overcharge complaint despite previously denying the prior tenant's rent overcharge complaint (see 9 NYCRR 2526.1[c][1], [2]; Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal, 219 AD3d 838, 839; Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 866). Additionally, DHCR rationally determined on the record before it that the petitioner was not entitled to charge a higher rent above the threshold to deregulate the apartment (see Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d at 680; Matter of Velasquez v New York State Div. of Hous. & Community Renewal, 130 AD3d 1045, 1047-1048). Accordingly, the Supreme Court properly denied the amended petition and, in effect, dismissed the proceeding.
The petitioner's remaining contention is not properly before this Court.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court