Matter of Woodward v New York State Div. of Hous. & Community Renewal
2026 NY Slip Op 03814
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Karah Woodward, appellant,
v
New York State Division of Housing & Community Renewal, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-10331, (Index No. 1754/19)
Cheryl E. Chambers, J.P.
Deborah A. Dowling
Lillian Wan
James P. McCormack, JJ.

Karah Woodward, Brooklyn, NY, appellant pro se.
Mark F. Palomino, New York, NY (Robert Ambaras of counsel), for respondents New York State Division of Housing & Community Renewal and Woody Pascal.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the respondent New York State Division of Housing & Community Renewal dated March 4, 2019, which modified a determination of a Deputy Commissioner of the respondent New York State Division of Housing & Community Renewal dated May 5, 2014, so as to, inter alia, direct that the petitioner be offered a proper initial lease for the premises based on the lawful rent of $1,350 per month, plus any lawful increases, the petitioner appeals from an order and amended judgment (one paper) of the Supreme Court, Kings County (Robin K. Sheares, J.), dated October 3, 2023. The order and amended judgment, insofar as appealed from, sua sponte, directed the petitioner to pay the respondent Parkville Realty Association, LLC, use and occupancy for the premises in the sum of $1,350 per month, awarded the respondent Parkville Realty Association, LLC, arrears for unpaid use and occupancy in the sum of $115,967.13, and awarded the respondent Parkville Realty Association, LLC, a judgment of possession for the premises, and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and amended judgment is modified, on the law, by deleting the provisions thereof, sua sponte, directing the petitioner to pay the respondent Parkville Realty Association, LLC, use and occupancy for the premises in the sum of $1,350 per month, awarding the respondent Parkville Realty Association, LLC, arrears for unpaid use and occupancy in the sum of $115,967.13, and awarding the respondent Parkville Realty Association, LLC, a judgment of possession for the premises; as so modified, the order and amended judgment is affirmed insofar as appealed from, without costs or disbursements.
The petitioner is a tenant in a rent stabilized apartment owned by the respondent Parkville Realty Association, LLC (hereinafter Parkville), located in Brooklyn. On May 5, 2014, a Deputy Commissioner of the respondent New York State Division of Housing & Community Renewal (hereinafter the DHCR) issued a determination (hereinafter the May 2014 determination), inter alia, affirming a determination of a Rent Administrator dated July 13, 2011, directing Parkville to offer the petitioner "an initial lease on the proper form, with the tenant's option of a one or two-year lease term, at the guidelines rate in effect at the time the lease offer is made, based on the lawful rent of $1,350.00." Thereafter, on March 4, 2019, a Deputy Commissioner of the DHCR issued a [*2]determination (hereinafter the March 2019 determination), among other things, modifying the May 2014 determination so as to, inter alia, direct that Parkville offer the petitioner "a proper initial lease, with the tenant's option of a one or two-year lease term, based on the lawful rent of $1,350.00 per month, [ ] plus any lawful increases." The March 2019 determination was issued by the DHCR in compliance with an order of the Supreme Court dated January 18, 2019, in effect, directing the DHCR to modify the May 2014 determination so as to correct or clarify ambiguities regarding the lease form that Parkville must provide the petitioner.
In 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the March 2019 determination, contending, among other things, that the March 2019 determination must be set aside as unlawfully made. In an order and amended judgment dated October 3, 2023, the Supreme Court, inter alia, sua sponte, directed the petitioner to pay Parkville use and occupancy for the premises in the sum of $1,350 per month, awarded Parkville arrears for unpaid use and occupancy in the principal sum of $115,967.13, and awarded Parkville a judgment of possession for the premises, and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"In a CPLR article 78 proceeding to review a determination of the DHCR, judicial review is limited to the question of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of PACST 1244-46, 1356, LLC v State of New York Div. of Hous. & Community Renewal, 219 AD3d 838, 839; see CPLR 7803[3]). "In reviewing a determination of the DHCR, 'the court may not substitute its judgment for that of the DHCR'" (Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 865, quoting Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676). "If a determination is rational it must be sustained even if the court concludes that another result would also have been rational" (Matter of Syllman v New York State Div. of Hous. & Community Renewal, 233 AD3d 975, 976 [internal quotation marks omitted]). Here, contrary to the petitioner's contention, the March 2019 determination modifying certain provisions of the May 2014 determination in accordance with the directives of the order dated January 18, 2019, was not made in violation of lawful procedure, was not affected by an error of law, and was not arbitrary and capricious (see id.; Matter of Singh v New York State Div. of Hous. & Community Renewal, 204 AD3d 810, 810).
However, the Supreme Court erred in, sua sponte, directing the petitioner to pay Parkville use and occupancy for the premises in the sum of $1,350 per month, awarding Parkville arrears for unpaid use and occupancy in the sum of $115,967.13, and awarding Parkville a judgment of possession for the premises. "'Generally, a court may, in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Newburgh Commercial Dev. Corp. v Cappelletti, 216 AD3d 978, 981, quoting Matter of Catherine Commons, LLC v Town of Orangetown, 157 AD3d 785, 786; see Alexander Ave. Kosher Rest. Corp. v Dragoon, 306 AD2d 298, 301). Here, no request for such relief as was awarded to Parkville was properly before the court in this CPLR article 78 proceeding to review the March 2019 determination of the DHCR, and the granting of such relief, which was dramatically unlike the relief sought, was prejudicial to the petitioner (see Newburgh Commercial Dev. Corp. v Cappelletti, 216 AD3d at 981; Matter of Catherine Commons, LLC v Town of Orangetown, 157 AD3d at 786).
The petitioner's remaining contentions are without merit.
CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court